UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD R. WARD,

    Plaintiff,

                                    Case No. 5:12-cv-14298

v.                              Honorable John Corbett O'Meara

CHARLES SAMUEL, JR., *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, DENYING PLAINTIFF'S FOR INJUNCTIVE RELIEF, AND DISMISSING THE COMPLAINT WITH PREJUDICE

### I. Introduction

Pending before the Court are Donald R. Ward's *pro se* civil rights complaint, motion for a temporary restraining order or injunction, and motion to amend or supplement his pleading. Plaintiff is a federal prisoner who was confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan) when he filed his complaint. Records maintained by the Federal Bureau of Prisons on its official website indicate that Plaintiff currently is incarcerated at the Terre Haute United States Prison in Terre Haute, Indiana. *See* www.bop.gov.

Defendant Charles Samuel, Jr., is the Director of the Federal Bureau of Prisons in Washington, D.C. The complaint also refers to a prison counselor by the name of T. Hall and an unidentified defendant described as John Doe.

Plaintiff alleges that he has several life threatening medical conditions and that the defendants have deprived him of his constitutional right to adequate medical

treatment. Plaintiff claims to be suffering from irreversible injury to vital organs as a result of the defendants' "willful negligence." Plaintiff further alleges that he has not received the same work privileges as other inmates and that the third-shift staff at FCI-Milan harasses him by kicking on his door and waking him at night.

In his motion for a temporary restraining order or injunction, Plaintiff alleges that he has an urgent need for a treatment plan. In his motion to amend or supplement the complaint, Plaintiff seeks to substitute Baldhead Fortune for defendant John Doe. The motion also expands on Plaintiff's constitutional claim, and it seeks to amend the request for relief to include a court order directing the defendants to devise a treatment plan, to provide prescription pain medication and a back brace, and to place Plaintiff in an accredited facility for follow-up care with professional doctors.

## II. Standard of Review

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. The Court must dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim

for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Because Plaintiff has sued federal officials, the Court construes his complaint as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971) (holding that a plaintiff may bring an action for money damages against a federal official for allegedly unconstitutional conduct). "In order to state a cause of action under *Bivens*, the plaintiff must allege facts which show that the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002), and *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997)).

### III. Discussion

The Court begins its discussion by granting Plaintiff's motion to amend his complaint to substitute Baldhead Fortune for defendant John Doe. The Court construes the complaint liberally to name T. Hall as a defendant as well. All three defendants (Hall, Fortune, and Samuel) presumably act under color of federal authority when performing their official duties. The issue, therefore, is whether Plaintiff has demonstrated that the defendants were personally involved in depriving him of his constitutional rights.

Prisoners are entitled to adequate medical care, and the conditions under which

they are confined are subject to scrutiny under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious;" a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities" . . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety . . . .
>
> . . . . [D]eliberate indifference describes a state of mind more blameworthy than negligence. . . .
>
> . . . .
>
> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 834-35, 837 (citations omitted).

The contention that defendant Samuel is responsible for the facilities under his control and has the duty and responsibility to ensure that Plaintiff is treated competently suggests that Plaintiff is suing Samuel under a *respondeat superior* or vicarious liability theory. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. In other words, "a *Bivens* plaintiff, unlike a state tort law plaintiff, normally [may] not apply principles of *respondeat superior* and thereby obtain recovery from a defendant's

4

potentially deep-pocketed employer." *Minneci v. Pollard*, __ U.S. __, __, 132 S. Ct. 617, 625 (2012) (citing *Iqbal*, 556 U.S. at 676). A supervisor is not liable in a civil rights action

> unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874).

*Campbell v. Springboro, Ohio*, 700 F.3d 779, 790 (6th Cir. 2012).

Plaintiff has not alleged any facts demonstrating that Samuel approved of, authorized, or knowingly acquiesced in unconstitutional conduct by his subordinates. In fact, there is no indication that Samuel even knew about Plaintiff's health issues and conditions of confinement. Thus, Plaintiff has failed to state a claim for relief against defendant Samuel.

To prevail on his claims about the remaining defendants, Plaintiff must allege "with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). Plaintiff alleges in one of his motions that Hall and Fortune's diagnostic protocols display deliberate indifference to Plaintiff's medical condition. Plaintiff has not provided sufficient details about the diagnostic protocols or the defendants' state of mind to show that Hall and Fortune knew of, and disregarded, an excessive risk to his health. The Court therefore concludes that Plaintiff's conclusory

allegation falls short of stating an Eighth Amendment claim for deliberate indifference to serious medical needs. And because Plaintiff is no longer confined at FCI-Milan where defendants Hall and Fortune are employed, his requests for declaratory and injunctive relief are now moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff insinuates that Hall violated his constitutional right to due process by disclosing Plaintiff's medical records to inmates and staff. Plaintiff claims to have a right to privacy in his medical records, but prisoners have no constitutional right to nondisclosure of private information. *See Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994). Thus, Plaintiff is not entitled to relief on his due process claim.

The allegation that staff kicked on Plaintiff's cell door while he slept also does not establish a constitutional violation. Harassment, such as Plaintiff describes, simply does not constitute the type of infliction of pain that the Eighth Amendment prohibits. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (rejecting a prisoner's claim that a correctional officer's harassment, which included banging and kicking the prisoner's cell door, throwing food trays through the prisoner's cell door, making aggravating and insulting remarks to him, growling and snarling through his window, smearing his window to prevent him from seeing out of it, behaving in a racially prejudicial manner, and pulling him unnecessarily hard when escorting him from his cell, violated the Eighth Amendment).

### IV. Summary and Conclusion

For the reasons given above, Plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face. Accordingly, the complaint [Doc. #1, filed

Sept. 27, 2012] is summarily **DISMISSED** as frivolous and for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The motion to amend or supplement the complaint [Doc. #9, filed Dec. 13, 2012] is **GRANTED**, but the motion for a temporary restraining order or injunction [Doc. #8, filed Dec. 13, 2012] is **DENIED** as moot. Finally, an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/John Corbett O'Meara
        United States District Judge

Date: January 23, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 23, 2013, using the ECF system and/or ordinary mail.

        s/William Barkholz
        Case Manager